IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| JASON A. WHITE, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civil Action Number: 5:14-CV-00445-MHH |
| | ) |
| CITY OF ATHENS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MOTION TO TAKE JUDICIAL NOTICE
BY DEFENDANTS**

Defendants City of Athens, Alabama ("City"), Mayor William R. Marks, Chief Floyd Johnson, Captain Tracy Harrison, Chief Wayne Harper, and Lieutenant Trevor Harris respectfully request that this Court take judicial notice of the existence of (1) <u>City of Athens, Alabama, Code of Ordinances</u>, § 62-4 (Ord. No. 666, §§ 4, 5, 5-30-1977; Ord. No. 800, 11-10-1980; Ord. No. 848, 1-10-1983), a certified copy of which is attached as Exhibit A; and (2) <u>City of Athens Personnel Policies and Procedures</u>, §§ 6.22 and 6.23, a certified copy of which is attached as Exhibit B. As grounds for this motion, defendants state:

1. Defendants have moved this Court to dismiss all claims asserted against them in the amended complaint of plaintiff Jason A. White. (Docs. 30-31). One of the claims in the amended complaint is a claim under 42 U.S.C. § 1983 against the

City on the theory that Chief Johnson and Mayor Marks were final policymakers for the City, and they acted in that capacity in allegedly retaliating against plaintiff by terminating him. (Doc. 25, ¶ 115). The City has sought dismissal of this section 1983 claim because, as a matter of law, neither Chief Johnson nor Mayor Marks were final policymakers for the City. The question of whether an individual is a final policymaker for a municipality is "governed by state law, **including valid local ordinances and regulations**." Martinez v. City of Opa-Locka, Fla., 971 F.2d 708, 713 (11th Cir. 1992) (emphasis supplied).

2.  Certain local laws apply in this case on the issue of who is a final policymaker for personnel decisions, specifically termination decisions, within the City. In particular, these local laws establish that neither Chief Johnson nor Mayor Marks had final policymaking authority on this subject. Accordingly, in conjunction with its consideration of the pending motion to dismiss, defendants request that the Court take judicial notice of these local laws, namely: (1) City of Athens, Alabama, Code of Ordinances, § 62-4 (Ord. No. 666, §§ 4, 5, 5-30-1977; Ord. No. 800, 11-10-1980; Ord. No. 848, 1-10-1983), a certified copy of which is attached as Exhibit A; and (2) City of Athens Personnel Policies and Procedures, §§ 6.22 and 6.23, a certified copy of which is attached as Exhibit B. There is ample authority for the Court to do so.

3. Rule 201 of the Federal Rules of Evidence, pertaining to judicial notice of adjudicative facts, provides that "[a] court shall take judicial notice if requested by a party and supplied with the necessary information." Fed. R. Evid. 201(d). The existence of the City's Code of Ordinances and its Personnel Policies and Procedures Handbook ("handbook") is an adjudicative fact as that term is employed in rule 201 because it is a fact that bears on the determination of whether plaintiff's amended complaint plausibly alleges a section 1983 claim under the theory that Chief Johnson and Mayor Marks were final policymakers. See Fed. R. Evid. 201 cmt. ("Adjudicative facts are simply the facts of the particular case. . . . Stated in other terms, the adjudicative facts are those to which the law is applied in the process of adjudication."); see also Newcomb v. Brennan, 558 F.2d 825, 829 (7th Cir. 1977) ("A court may take judicial notice of facts of 'common knowledge' in ruling on a motion to dismiss. We hold that matters of public record such as state statutes, city charters, and city ordinances fall within the category of 'common knowledge' and are therefore proper subjects for judicial notice.") (internal citations omitted). In order to determine whether plaintiff's amended complaint plausibly states a section 1983 claim under a policymaker theory, the Court may find it helpful or necessary

to consider the fact of whether the City had, in fact, enacted an ordinance and implemented policies relating to personnel grievance and appeal procedures.[1]

4.  Under rule 201, "[a] judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court **or** (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b) (emphasis supplied). The City's ordinance and handbook meet the requirement of rule 201(b)(2) because they are self-authenticating, certified public records whose accuracy are not questionable. See, e.g., Fed. R. Evid. 902(4); Conjour v. Whitehall Tp., 850 F. Supp. 309, 312 n.1 (E.D. Pa. 1994) ("[L]ocal ordinances and regulations are official publications which are self-authenticating under Federal Rule 902(5)."); Maui Land & Pineapple Co., Inc. v. County of Maui, 2009 WL 3460780, at * 10 (D. Hawaii Oct. 27, 2009) (holding that "County ordinances . . . are self-authenticating under Rule 902(5) of the Federal Rules of Evidence").

---

[1] Even if the ordinance were deemed something other than an adjudicative fact, such as pure law, it is nevertheless subject to judicial notice. See Wright & Graham, 21B Fed. Prac. & Proc. Evid. § 5103.1 (2d ed. 2009) ("Though Rule 201 does not govern 'judicial notice of law', this does not mean that courts cannot use judicial notice for this purpose.") (collecting federal cases).

5.       Other federal courts within this circuit and district have specifically held that it is appropriate to take judicial notice of municipal ordinances and personnel policies. See, e.g., Taylor v. Shore, 2013 WL 3287089, at *1 (M.D. Fla. June 27, 2013) (taking judicial notice of "the personnel policies of Manatee County"); Walburn v. City of Naples, 2005 WL 2322002, at * 16 (M.D. Fla. Sept. 22, 2005) ("The above-noted municipal documents are capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned. In addition, the City has furnished copies of the municipal documents at issue. Thus, the Court will take judicial notice of [the local laws in question]."); Monk v. City of Birmingham, 87 F. Supp. 538, 539 (N.D. Ala. 1949) ("This Court takes judicial notice of the ordinances of the City of Birmingham.").[2]

6.       Moreover, the Eleventh Circuit has made clear that a district court may properly consider a judicially-noticed public record or document in connection with reaching a decision on a motion to dismiss, and that such consideration does not require conversion of the motion to dismiss to a motion seeking summary judgment. See, e.g., Universal Express, Inc. v. United States Secs. & Exch. Comm'n, 177 F.

---

[2] See also United States v. City of Miami, 664 F.2d 435, 443 n.16 (5th Cir. 1981) ("Although the ordinance has never been introduced as evidence, we can take judicial notice of it."); First English Evangelical Lutheran Church of Glendale v. Los Angeles County, 482 U.S. 304, 327 (Stevens, J., dissenting) ("It is proper to take judicial notice of the ordinance.").

App'x 52, 53 (11th Cir. 2006) ("A district court may take judicial notice of certain facts without converting a motion to dismiss into a motion for summary judgment. Public records are among the permissible facts that a district court may consider.") (internal citation omitted); Serpentfoot v. Rome City Comm'n, 322 F. App'x 801, 807 (11th Cir. 2009) ("We have held that a district court may take judicial notice of matters of public record without converting a Rule 12(b)(6) motion into a Rule 56 motion."); Garfield v. NDC Health Corp., 466 F.3d 1255, 1260 n.2 (11th Cir. 2006) (" By taking judicial notice of SEC documents, the District Court did not transform Defendants' motions to dismiss into a motion for summary judgment.").

**WHEREFORE**, defendants respectfully request that this Court take judicial notice of the local laws attached as exhibits A and B, and to consider them as necessary in ruling on defendant's pending motion to dismiss.

*S/C. Gregory Burgess*
C. Gregory Burgess (ASB-1519-R79C)
Mary E. Gill (ASB-8106-B04Y)

**Attorneys for defendants City of Athens, Alabama, Mayor William R. Marks, Chief Floyd Johnson, Captain Tracy Harrison, Chief Wayne Harper, and Lieutenant Trevor Harris**

**OF COUNSEL:**

**LANIER FORD SHAVER & PAYNE P.C.**
Post Office Box 2087
Huntsville, Alabama 35804
Telephone Number: (256) 535-1100
Facsimile Number: (256) 533-9322
E-mail: cgb@lanierford.com
       meg@lanierford.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of October, 2014, I electronically filed the foregoing with Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

JOHN D. SAXON
JOHN D. SAXON, JR.
**JOHN D. SAXON, P.C.**
2119 3rd Avenue North
Birmingham, Alabama 35203
Telephone Number: (205) 324-0223
Facsimile Number: (205) 323-1583
E-mail: jsaxon@saxonattorneys.com
          jay@saxonattorneys.com

                              *S/C. Gregory Burgess*
                              C. Gregory Burgess